NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

In re the Marriage of:

SAMANTHA MELISSA AGUAYO, *Petitioner/Appellee*,

*v.*

MIGUEL ANGEL AGUAYO, *Respondent/Appellant*.

No. 1 CA-CV 25-0311 FC

FILED 02-17-2026

Appeal from the Superior Court in Yuma County
No. S1400DO202101154
The Honorable Mark W. Reeves, Judge

**AFFIRMED**

COUNSEL

Mary Katherine Boyte, PC, Yuma
By Mary K. Boyte Henderson
*Counsel for Petitioner/Appellee*

Reardon House Colton, PLC, Scottsdale
By Sally M. Colton, Kristi A. Reardon, Taylor S. House
*Counsel for Respondent/Appellant*

## MEMORANDUM DECISION

Chief Judge Randall M. Howe delivered the decision of the Court, in which Presiding Judge David B. Gass and Judge Anni Hill Foster joined.

**H O W E**, Judge:

¶1   Miguel Aguayo ("Father") appeals the superior court's denial of his petition to modify child support. For the following reasons, we affirm.

### FACTS AND PROCEDURAL BACKGROUND

¶2   Samantha Aguayo ("Mother") and Father married in 2009 and had three children born in 2011, 2013, and 2014. They divorced in 2022. The divorce decree required Father to pay Mother $3,500 per month in child support. According to an agreement appended to the decree and adopted by the court, Mother agreed "to be responsible to seek health, dental & vision insurance for [the] 3 minor children," but the parties agreed to split all non-covered expenses equally.

¶3   Two months after the divorce, Father assaulted Mother. He was convicted and placed on probation. In 2023, both parents petitioned to modify legal decision-making, parenting time, and child support. Mother explained that, following Father's assault of her, their eldest child no longer felt safe with him. Father claimed that Mother assaulted him but acknowledged that he was the one convicted. He elaborated that he (1) was no longer employed, (2) would like Mother to provide the children's insurance, (3) was on probation, and (4) would like to move to San Diego with the children.

¶4   The court held a hearing and noted that Father failed to present "any documentation supporting his claims that his employment as an interpreter in Federal Court was involuntarily terminated." Thus, the court found "insufficient evidence to show a substantial and continuous change of circumstances to modify the current Child Support Order." Even though Father refused Mother's offer to postpone the hearing, he moved for reconsideration, arguing that that neither he nor his counsel was fully prepared to address the child support issue. The court denied Father's motion to reconsider, and he did not appeal.

¶5 In 2024, Father again retained counsel and petitioned to modify child support. He again argued that he had (1) been unemployed since 2023, and (2) would like Mother to provide the children's insurance. He did not re-raise his request to relocate the children. He also acknowledged that his probation had ended and he had accepted an offer to return to his role as an interpreter with an increase in pay. The court dismissed Father's petition without a hearing, finding that Father's alleged changed circumstances were "previously raised" and "actually litigated" in 2023 and that "Father may not merely litigate the same events a second time." Further, the court found that Father's "new" health insurance was the same as his previous insurance. The court granted Mother her attorney's fees and costs and certified the matter as final under Arizona Rule of Family Law Procedure ("Rule") 78. Father appealed and we have jurisdiction. A.R.S. §§ 12-2101(A)(1), -120.21(A)(1).

## DISCUSSION

¶6 Father argues that "[t]he trial court erred by dismissing [his] Petition to Modify Child Support without a hearing." He further claims that "[t]he trial court's award of attorney fees should be vacated in its entirety as it is based solely on the dismissal of Father's Petition to Modify."

¶7 We review the court's dismissal of Father's post-decree petition for abuse of discretion. *See* Ariz. R. Fam. Law P. 46(b); *Sundstrom v. Flatt*, 244 Ariz. 136, 137 ¶ 4 n.2 (App. 2017). Child support may be modified "only on a showing of changed circumstances that are substantial and continuing." A.R.S. § 25-327(A). "The petitioning party bears the burden of showing a substantial and continuing change of circumstances from the date when the existing Child Support Order was filed." A.R.S. § 25-320 app. ("Guidelines") § XIV(B). "We have a duty to affirm" a child support order "where any reasonable view of the fact and law might support the judgment of the family court." *Hoobler v. Hoobler*, 254 Ariz. 130, 141 ¶ 26 (App. 2022) (cleaned up).

¶8 The superior court did not err in dismissing Father's 2024 motion to modify. Regarding Father's claim that the court should have held a hearing, sufficient evidence supports the superior court's decision to dismiss. *See id.* at 141–42 ¶ 27. Following Father's 2023 motion, the court held a hearing addressing his employment struggles and the insurance issue. *See supra* ¶¶ 3–4. The only new claim in Father's 2024 motion was that he had found employment as an interpreter again, making more than he previously did. From the facts alleged, the court could reasonably conclude that there was not a substantial and continuing change of circumstances

warranting a modification of child support. *See* A.R.S. § 25-327. And, although "[a] trial court errs if it *modifies* child support without conducting a hearing or allowing the parties to gather and present their evidence," *Heidbreder v. Heidbreder*, 230 Ariz. 377, 381 ¶ 14 (App. 2012) (emphasis added), here the court *declined* to modify child support. Thus, the court did not err in not holding a hearing.

¶9         Father's 2024 motion claims a substantial change in circumstances, but the only addition from his 2023 motion was that he would be returning shortly to the same position he held previously. Thus, he failed to show substantial and continuing changed circumstances following the court's denial of his 2023 motion. *See* A.R.S. § 25-327(A). Father had the opportunity to appeal the court's denial of the 2023 motion and failed to do so. He may not obtain relief by re-raising the same facts in a new motion. *See Hoobler*, 254 Ariz. at 141 ¶ 26 (the superior court's judgment is affirmed if any reasonable view of the evidence supports it). The court did not err in finding Father's arguments "previously raised . . . and actually litigated."

¶10         Father acknowledges that he voluntarily left his work as a real estate agent following the entry of the decree to work as a court interpreter because the interpreter work was more "stable." Further, he previously admitted that he "figured [he] was making enough money" as an interpreter to meet his child support obligations. His "new" interpreter position is the same as this "stable" position he held before his period of unemployment. And even if Father's "new" interpreter position constituted sufficiently changed circumstances, by his own admission his "new" salary is *higher* than when he previously worked in the same role and was able to meet his obligations. He fails to show why the court should modify his child support obligations or how he is now unable to meet the same child support obligations he could in the past when he worked in the same role with a lesser salary. Father is now employed full-time with a salary that he has acknowledged in the past is sufficient to meet his child support obligations. The court did not err in refusing to reduce his child support obligations. *Id.*

¶11         Finally, the court did not err in awarding Mother attorney's fees. Father claims that "[b]ecause the dismissal of Father's Petition to Modify was an error, the corresponding award of attorney fees should likewise be vacated and remanded for a hearing on the merits." But the court did not err in dismissing Father's petition to modify and thus awarding Mother attorney's fees for addressing the petition was not error. *See* A.R.S. § 25-324(A).

**¶12** Father also argues that the sum of fees awarded was "excessive." The award of attorney's fees under A.R.S. § 25-324(A) "is a matter left to the sound discretion of the [superior] court" that we review for abuse of discretion. *Baum v. Baum*, 120 Ariz. 140, 146–47 (App. 1978); *see also Mangan v. Mangan*, 227 Ariz. 346, 352 ¶ 26 (App. 2011). An abuse of discretion is "an exercise of discretion which is manifestly unreasonable, exercised on untenable grounds or for untenable reasons." *Williams v. Williams*, 166 Ariz. 260, 265 (App. 1990); *see also In re Marriage of Gibbs*, 227 Ariz. 403, 409 ¶ 16 (2011) (holding that this Court will affirm an attorney's fees award unless the record supports no reasonable basis). The court awarded fees after "having reviewed [Mother's] detail of her attorney's fees and costs incurred attached to her pretrial statement and having heard the arguments of counsel in open court." The ruling was not "manifestly unreasonable," based "on untenable grounds," or based on "untenable reasons." *Williams*, 166 Ariz. at 265. The court did not err.

## CONCLUSION

**¶13** We affirm. Both Mother and Father request attorney's fees under A.R.S. § 25-324 and Arizona Rule of Civil Appellate Procedure 21. We grant Mother's fees and costs upon compliance with Arizona Rule of Civil Appellate Procedure 21(b). *See* A.R.S. §§ 12-341, 25-324.



**MATTHEW J. MARTIN • Clerk of the Court**
**FILED**: JR